Tony L. MILLER, Plaintiff,

v.

NORFOLK AND WESTERN RAILWAY CO., Defendant.

No. C 83–3652.

United States District Court, N.D. Ohio, E.D.

Nov. 9, 1989.

Elmer I. Schwartz and Wallace R. Steffen, Cleveland, Ohio, for plaintiff.

Forrest A. Norman and James M. Speros, Gallagher, Sharp, Fulton & Norma, Cleveland, Ohio, and Mark D. Perreault, Norfolk, Va., for defendant.

## ORDER

LAMBROS, District Judge.

Plaintiff initiated this defamation action against his former employer in state court, alleging that his supervisors made defamatory statements about plaintiff and falsely accused him of dishonesty. Plaintiff alleges that defendant's actions were in accordance with a plan to reduce the number of its employees in order to relieve itself of the monetary allowances and benefits for which it would otherwise be liable. Plaintiff was discharged by defendant on August 3, 1982. His discharge was upheld by the Public Law Board on April 18, 1983.

The action was removed to this Court under 28 U.S.C. § 1441 by defendant. This matter is before the Court on remand from the Sixth Circuit Court of Appeals. The Court of Appeals remanded for the limited purpose of determining the proper forum for this action to proceed. In order to fulfill that purpose, this Court was directed "to resolve factual uncertainties which must be clarified before it can be determined that plaintiff's claims are inextricably intertwined with the collective bargaining agreement." *Miller v. Norfolk and Western Ry. Co.*, 834 F.2d 556, 560 (6th Cir.1987). In order that this Court may determine the proper forum for this action pursuant to the Court of Appeals's decision, on May 8, 1989, this Court conducted an evidentiary hearing to inquire into whether the alleged defamatory statements alleged by plaintiff are dependent on the terms of the Collective Bargaining Agreement.

The following evidence was submitted to this Court on May 8, 1989 at the evidentiary hearing: (1) the transcript of the investigation hearing on August 17, 1982; (2) the documents that were submitted to the Public Law Board; and (3) the Collective Bargaining Agreement. This evidence was not in the record when the case was before the Court of Appeals.

Upon review of the record, the Court finds that plaintiff's claims are inextricably intertwined with the Collective Bargaining Agreement since: (1) according to the terms of the Collective Bargaining Agreement, plaintiff has seniority bumping rights as a non-supervisory employee; (2) the transcript of the investigation hearing indicates that plaintiff asserted his rights under the Collective Bargaining Agreement for reinstatement as an electrician before

the public law board pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.;* (3) the public law board determined that plaintiff had defrauded the defendant and that his termination from the company was proper under the Collective Bargaining Agreement; and (4) the allegedly defamatory statements for which plaintiff seeks relief were made at the hearing before the public law board. The claims at issue cannot be resolved without interpretation of the Collective Bargaining Agreement and require resolution pursuant to the administrative process set forth in the Railway Labor Act. Based on these findings, and in accordance with the Court of Appeal's opinion, the proper forum for this action is the Public Law Board. Accordingly, this action is terminated and these matters should properly be raised before the Public Law Board.

IT IS SO ORDERED.